UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON J. MCDANIEL,

              Plaintiff,

      v.

DANIELS, et al.,

              Defendants.

No.  2:20-cv-00895-TLN-CKD

<u>ORDER</u>

      Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

## I.        Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.        Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation. Plaintiff was diagnosed

2

with Stage 4 lung cancer prior to his transfer to the California Institution for Men ("CIM").  At that institution, he asked his primary care physician, Dr. Daniels, for a second medical opinion concerning the treatment and prognosis of his medical condition.  Dr. Daniels denied this request and scheduled his third cycle of treatment.

On a subsequent unspecified date, plaintiff was transferred to Corcoran State Prison even though his underlying medical condition and race made him more susceptible to contracting Valley Fever.  Plaintiff alleges that this transfer was retaliatory, but he does not identify the individuals on the CIM Classification Committee who were responsible.

Plaintiff alleges that following his subsequent transfer to the California Medical Facility ("CMF"), his primary care physician, Dr. Angie Hood-Medland, failed to order a consultation with an oncologist in a timely fashion, did not order a full body CAT scan, let his pain and chronic cancer medications expire, and did not order him a lower bunk.  Plaintiff also alleges that defendant nurses G. Dahal and Rayon withheld his chronic medications and even issued him false disciplinary charges for asking for his medications.

By way of relief, plaintiff seeks injunctive relief in the form of a second medical opinion as well as compensatory and punitive damages.

**III.    Legal Standards**

**A. Eighth Amendment Deliberate Indifference to a Serious Medical Need**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

1   condition could result in further significant injury or the 'unnecessary and wanton infliction of

2   pain.'" Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

3   existence of an injury that a reasonable doctor or patient would find important and worthy of

4   comment or treatment; the presence of a medical condition that significantly affects an

5   individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d

6   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

7       Second, the plaintiff must show the defendant's response to the need was deliberately

8   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

9   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

10   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

11   which the inference could be drawn that a substantial risk of serious harm exists," but that person

12   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

13   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

14   showing of merely negligent medical care is not enough to establish a constitutional violation.

15   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

16   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

17   a dispute between a prisoner and prison officials over the necessity for or extent of medical

18   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

19   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

20   medical treatment, "without more, is insufficient to state a claim of deliberate medical

21   indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

22   Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

23   prisoner must show that the delay caused "significant harm and that Defendants should have

24   known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

25       **B.  First Amendment Retaliation**

26       Prison officials generally cannot retaliate against inmates for exercising First Amendment

27   rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First

28   Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a

1   finding that "the prison authorities' retaliatory action did not advance legitimate goals of the

2   correctional institution or was not tailored narrowly enough to achieve such goals."  <u>Id.</u> at 532.

3   The plaintiff bears the burden of pleading and proving the absence of legitimate correctional

4   goals for the conduct of which he complains.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

5   Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal

6   connection between the adverse action and the protected conduct.  <u>Watison v. Carter</u>, 668 F.3d

7   1108, 1114 (9th Cir. 2012).

8       **C.  Disciplinary Actions**

9       A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly

10   accused of conduct that may lead to disciplinary sanctions.  <u>See Sprouse v. Babcock</u>, 870 F.2d

11   450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the

12   disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section

13   1983.  <u>See Hanrahan v. Lane</u>, 747 F.2d 1137, 1140– 41 (7th Cir. 1984).  An exception exists

14   when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as

15   when false charges are made in retaliation for an inmate's exercise of a constitutionally protected

16   right.  <u>See Sprouse</u>, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation

17   for a grievance filed by an inmate is actionable under section 1983).

18   **IV.   Analysis**

19       The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

20   screening, finds that it states a potentially cognizable Eighth Amendment deliberate indifference

21   claim against defendant Hood-Medland based on allegations that she: 1) did not order

22   consultations with an oncologist in a timely fashion; 2) did not order a full body CAT scan; 3) let

23   plaintiff's pain and cancer medications expire; and, 4) did not order plaintiff a lower bunk.

24   However, plaintiff has not stated a claim for relief against defendant Daniels for denying him a

25   second medical opinion.  Defendant Daniels' failure to obtain a second medical opinion does not

26   rise to the level of a constitutional violation.  <u>See Roberts v. Spalding</u>, 783 F.2d 867, 870 (9th Cir.

27   1986) (finding that "[a] prison inmate has no independent constitutional right to outside medical

28   care additional and supplemental to the medical care provided by the prison staff within the

1  institution.") (citations omitted).  The allegations against defendant Daniels do not establish

2  deliberate indifference because plaintiff had already initiated the recommended treatment plan for

3  his lung cancer by the time he requested a second opinion.  Plaintiff does not allege a cognizable

4  claim against defendants Dahal and Rayon who allegedly wrote false disciplinary reports about

5  plaintiff because there is no allegation that they were written in retaliation for plaintiff's prior

6  grievances or other protected conduct.  As alleged in the complaint, plaintiff also fails to state an

7  Eighth Amendment deliberate indifference claim against defendants Dahal and Rayon for

8  withholding his chronic medications because plaintiff does not specify when and how many times

9  this occurred or even what medication(s) they failed to provide him.  Absent this specificity,

10  plaintiff's allegations do not meet the requirement for a "short and plain statement of the claim

11  showing that the pleader is entitled to relief…."  Fed. R. Civ. P. 8(a)(2).

12       Plaintiff may elect to proceed on the Eighth Amendment claim against defendant Hood-

13  Medland or, in the alternative, he may elect to amend his complaint to attempt to cure the

14  deficiencies identified in this order.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000)

15  (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any

16  deficiency in their complaints).  If plaintiff chooses to proceed on the Eighth Amendment claim

17  found cognizable in this screening order, the court will construe this as a request to voluntarily

18  dismiss the remaining claim against defendants Daniels, Dahal, and Rayon pursuant to Rule

19  41(a)(1)(i) of the Federal Rules of Civil Procedure.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

21  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

22  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

23  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

24  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

25  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

26  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

27  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

28       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.      Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You may choose to file an amended complaint to try to fix these problems.  You must decide if you want to (1) proceed immediately on the Eighth Amendment claims against defendant Hood-Medland; or, (2) try to amend the complaint to fix the problems identified in this order with respect to the other defendants.  Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for leave to proceed in forma pauperis (ECF No. 5, 10) are granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff has the option to proceed immediately on the Eighth Amendment claims against defendant Hood-Medland or plaintiff may choose to amend the complaint to fix the

1  deficiencies identified in this order with respect to the remaining defendants and claims.

2       4.  Within 21 days from the date of this order, plaintiff shall complete and return the

3  attached Notice of Election form notifying the court whether he wants to proceed on the screened

4  complaint or whether he wants time to file a first amended complaint.

5       5.  If plaintiff fails to return the attached Notice of Election within the time provided, the

6  court will construe this failure as consent to dismiss the deficient claims and proceed only on the

7  cognizable claims identified above.

8  Dated:  August 17, 2020

9  _____
   CAROLYN K. DELANEY
10 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16  12/mcda0895.option.docx

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10      CLIFTON J. MCDANIEL,

11              Plaintiff,                              No.  2:20-cv-00895-TLN-CKD

12      v.                                             NOTICE OF ELECTION

13      DANIELS, et al.,

14              Defendants.

15

16           **Check only one option:**

17      _____ Plaintiff wants to proceed immediately on the Eighth Amendment claims against

18      defendant Hood-Medland.  Plaintiff voluntarily dismisses the remaining defendants; or,

19      _____ Plaintiff wants time to file a first amended complaint.

20

21

22      DATED:

23

24

25                                                   _____
                                                     Plaintiff
26

27

28

                                                  1